

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-6-2004

# USA v. Cicero

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3963

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Cicero" (2004). *2004 Decisions.* Paper 720.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/720

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-3963

_____

UNITED STATES OF AMERICA

v.

WINFRED CICERO,
*Appellant*

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 00-cr-00448)
District Judge: Honorable Bruce W. Kauffman

_____

Submitted Under Third Circuit LAR 34.1(a)
May 4, 2004
Before: SLOVITER, FUENTES and BECKER, *Circuit Judges*

(Filed:   May 6, 2004)

_____

OPINION

_____

BECKER, *Circuit Judge.*

This is an appeal by Winfred Cicero from a judgment in a criminal case following

a conditional plea of guilty to firearms and narcotics charges, *see* Fed. R. Crim. P.

11(a)(2), which reserved Cicero's right to challenge two rulings of the District Court

denying Cicero's motions to suppress evidence—guns and narcotics—seized following two car stops. We will affirm. Because the parties are fully familiar with the background facts and procedural history we need not set them forth, and limit our discussion to our *ratio decidendi.*

The seizure of a loaded Smith & Wesson .45 caliber pistol following the first stop (on June 12, 1998) was properly upheld because: (1) the Philadelphia police officers who arrested Cicero on that occasion had a radio report that he was wanted on an arrest warrant for assault and "should be considered armed and dangerous"; (2) after his vehicle lurched forward but was blocked by police vehicles, he made a downward movement; (3) after the police officers verified that the arrestee was in fact the wanted person, they then arrested him; (4) a visual sweep of the car's interior revealed a bulge in the pouch behind the driver's seat that appeared to be the outline of a handgun; and (5) a limited search of the driver's seat area immediately uncovered the Smith & Wesson handgun. The applicable law supports the conclusion that the Fourth Amendment is not offended by the seizure of the pistol in these circumstances. *See New York v. Belton*, 453 U.S. 454 (1981) (approving car searches incident to arrest); *Gov't of the V.I. v. Rasool*, 657 F.2d 582 (3d Cir. 1981) (same).

The District Court also properly denied the motion to suppress the loaded .45 caliber pistol and cocaine seized by police on March 24, 1999. Cicero was stopped by Philadelphia police officers on patrol when he was observed driving in reverse at a

considerable speed against traffic on a one-way street. One of the officers observed Cicero putting something on the floor and then observed it (it was in plain view) to be a handgun. En route to the station house (following arrest) Cicero twisted, fidgeted and squirmed on the backseat, and a subsequent search of the police vehicle, which had been cleared of extraneous material before the shift began, revealed thirty-nine blue tinted ziploc packets and another clear knotted sandwich baggie, all containing cocaine. The law is clear that an officer may stop a vehicle if he or she has reasonable suspicion of the commission of a traffic violation, *see Delaware v. Prouse*, 440 U.S. 648, 663 (1979), even if the stop is actually a pretext and is motivated by other law enforcement interests, *see Whren v. United States*, 517 U.S. 806 (1996). Here the stop was well justified out of concern for Cicero's dangerous driving. After Cicero was stopped, the officer saw the gun in plain view. With respect to the drugs, the officers were plainly entitled to seize the bag of cocaine that Cicero had discarded in the police vehicle; Cicero had no reasonable expectation of privacy in the police van.

The judgment of the District Court will be affirmed.